UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YUSONG GONG,

        Plaintiff,                              Civil Action No. 16-CV-14516

vs.                                                   HON. MARK A. GOLDSMITH

THE UNIVERSITY OF MICHIGAN,
et al.,

        Defendants.
_____/

**OPINION AND ORDER**
**DENYING PLAINTIFF'S MOTIONS FOR CASE REASSIGNMENT (Dkts. 13, 14)**

This matter is before the Court on Plaintiff Yusong Gong's motions for case reassignment (Dkt. 13, 14).[1] Gong argues that she will not receive fair treatment from the undersigned because she has failed to timely receive the undersigned's past orders. She also argues that the undersigned is biased in favor of Defendants in light of the undersigned's education and work history. The Court concludes that oral argument would not assist in resolution of this matter. See Local Rule 7.1(f)(2). For the reasons discussed below, Gong's motions are denied.

**I. BACKGROUND**

On February 16, 2017, the Court denied Gong's application to proceed in forma pauperis, ordering that she pay the necessary fees and costs. 2/16/2017 Order (Dkt. 7). Gong's motion for reconsideration (Dkt. 8) was denied on March 6, 2017, but Gong was granted additional time — until March 20, 2017 — to pay the required fees and costs, or her case would be dismissed.

---

[1] The motions are identical to one another. Because of this fact, all citations to Gong's motion are to her first motion (Dkt. 13).

1

3/6/2017 Order (Dkt. 9).  Because she did not timely pay the filing fee, the Court dismissed Gong's case without prejudice on April 5, 2017.  4/5/2017 Order (Dkt. 10).

Gong then filed a motion seeking case reinstatement (Dkt. 11), claiming that she never received the Court's March 6, 2017 order, and that she did not receive the April 5, 2017 order until two weeks after it was issued.  Gong also moved to have this case reassigned to another judge, arguing that the undersigned's failure to timely mail orders caused her to lose trust in the undersigned.  The Court rejected Gong's request for reassignment, but reinstated the case in light of her status as a pro se litigant.  5/5/2017 Order (Dkt. 12).  Gong now moves for reassignment again, claiming that, because of alleged clerical errors, she has a concern that she will not receive "fair judgment" and that the undersigned allegedly has conflicts of interest.

## II. ANALYSIS

Gong first argues that reassignment is warranted because she will not receive fair treatment "[b]ased on the difficulties she has already experienced from Hon. Mark Goldsmith and his chamber[.]"  Pl. Mot. at 1 (cm/ecf page).  In support of this argument, Gong claims that the undersigned failed to timely to mail her orders.  Gong also argues for reassignment based on alleged "conflicts interest [sic]," because of which she will not "receive a fair trial and justice[.]"  Id. at 2.

Gong does not cite any statute to support either claim for reassignment, which the Court interprets to mean disqualification.  However, the obvious candidate is 28 U.S.C. § 455(a), which states that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  However, Gong's arguments do not satisfy the statute.

Gong cites no authority holding that a judge's impartiality can reasonably be questioned because of clerical errors. Further, there is no factual basis to this claim: an examination of the docket shows that each of the orders in question was promptly mailed to Gong after they were issued (Dkts. 7, 9, 10). Certificates of service, appearing beneath each order, demonstrate that these orders were mailed to Gong on the same day they were issued. As a result, disqualification is not warranted on this basis.

Gong's argument based on alleged conflicts also lacks merit. The alleged conflicts are based on the fact that the undersigned is a graduate of the University of Michigan; is a "life long attorney representing the best interests for employers"; and the undersigned's former law firm has "a very close relationship with University of Michigan, [and] many of their attorneys are also teaching faculties at UM law school." Pl. Mot. at 2 (cm/ecf page).

However, Gong cites no authority that any such circumstances amount to a conflict of interest, much less that they would reasonably draw into question a judge's impartiality. And no such authority exists; in fact, authority exists contradicting Gong's position. See, e.g., Clarkco Landfill Co. v. Clark Cty. Solid Waste Mgmt. Dist., 20 F. Supp. 2d 1185, 1190-1193 (S.D. Ohio 1998) (holding that education and past participation in a particular practice area are not grounds for disqualification).

The circumstances Gong points to raise no concern whatsoever of partiality. The undersigned graduated the University of Michigan in 1974 — over 44 years ago. The undersigned terminated his relationship with his former firm in 2004 — over 13 years ago. Further, the undersigned worked in the firm's litigation department — not its labor department; whatever isolated involvement he might have had with a labor dispute (if any) was hardly a significant part of his practice. And even if it had been – which it clearly was not – such a

professional history would not amount to a conflict of interest. Judges are not disqualified because they have practiced in a certain area representing a certain class of litigants. Id. at 1190.

Although Gong does not expressly claim that the undersigned is biased against her, such a claim, even if made, would fare no better. Title 28 U.S.C. § 455 addresses bias, stating that a judge shall disqualify himself "[w]here he has a personal bias or prejudice concerning a party[.]" 28 U.S.C. § 455(b)(1). Gong has not pointed to any personal bias against her, and in fact the undersigned has no such bias. Gong is known to the undersigned only by virtue of this litigation.

### III. CONCLUSION

For the foregoing reasons, the Court denies Gong's motions for case reassignment (Dkt. 13, 14).

SO ORDERED.

Dated: June 7, 2017         s/Mark A. Goldsmith
Detroit, Michigan           MARK A. GOLDSMITH
                            United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 7, 2017.

                            s/Marlena Williams for Karri Sandusky
                            Case Manager.