UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Yusong Gong,

    Plaintiff,

v.                                                        Civil Action No. 16-14516

The University of Michigan, *et al.*,         Sean F. Cox
                                                           United States District Court Judge

    Defendants.
_____/

**OPINION & ORDER
DENYING PLAINTIFF'S MOTION TO RECLASSIFY,
DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT, AND
DENYING AS MOOT PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE
WITNESS LIST IN ORDER TO NAME EXPERTS**

This *pro se* action against the University of Michigan is currently before the Court on three motions filed by Plaintiff. The Court concludes that oral argument is not necessary as to any of these motions and shall rule based upon the written submissions. For the reasons set forth below: 1) Plaintiff's motion to "re-classify the nature of the action" shall be denied as moot because the Nature of Suit Codes used on the civil cover sheet are for statistical purposes and do not impact a plaintiff's claims; 2) Plaintiff's motion to amend in order to add a First Amendment retaliation claim against the University shall be denied as futile because the University has sovereign immunity as to that claim; and 3) Plaintiff's motion for an extension of time to name an expert witness shall be denied as moot, given that Plaintiff has since filed an amended witness list naming expert witnesses.

**BACKGROUND**

Acting *pro se*, Plaintiff Yusong Gong ("Gong") filed this action against Defendant University of Michigan and three of its employees, Richard Simon, Michelle Henderson, and Timothy Lynch.  Gong's original complaint included the following claims: "Count 1 – Retaliation – Title VII of the Civil Rights Act of 1964," "Count II – Title I of the Americans with Disabilities Act," and "Count III – Title I of the Americans with Disabilities Act (Pattern or Practice Claim)."

In an Opinion & Order issued on February 13, 2018, this Court granted in part and denied in part a Motion to Dismiss filed by Defendants.  (D.E. No. 41).  This Court granted the motion to the extent that it: 1) ruled any ADA claims for monetary damages in this action are barred by Eleventh Amendment immunity; 2) dismissed with prejudice Gong's claims against Simon, Henderson, and Lynch because an individual employee/supervisor, who does not otherwise qualify as an "employer" under the statute, may not be personally liable under Title VII or the ADA.  Accordingly, the only Defendant remaining in this action is the University and the only claims against it are: 1) an ADA claim, but only to the extent that Plaintiff seeks reinstatement of her employment at the University; and 2) a retaliation claim under Title VII.

On March 15, 2018, the Court issued the Scheduling Order in this matter that provides that discovery is to be completed by July 20, 2018, and motions shall be filed by August 20, 2018.

Gong has filed several *pro se* motions that are now pending before the Court.  First, Gong has filed a "Motion to Seek Re-Classification for the Nature of Suit." (D.E. No. 36).  The University of Michigan filed a response to that motion stating that it "takes no position on this motion."  (D.E. No. 54).  Second, on May 17, 2018, Gong filed a motion seeking leave to amend

2

her complaint, which she filed twice on that same day.  (D.E. Nos. 48 & 49).  Third, Gong has filed a motion seeking an extension of time to identify her expert witnesses.  (D.E No. 51).  The University takes no position as to the first motion, but opposes the other motions.

On June 29, 2018, Gong filed a 22-page reply brief, with additional attachments totaling 100 pages.  Even *pro se* Plaintiffs, however, are required to follow the rules, including page limitations.  In an order issued on July 2, 2018, this Court therefore struck that oversize brief and ordered that Gong could file a reply brief that comports with the applicable page limitations by July 13, 2018.  Gong has since filed a seven-page rely brief.

On July 6, 2018, Gong filed a second witness list.  In it, she lists two "scientific expert" witnesses and four "Medical expert" witnesses.

## ANALYSIS

**I.     Gong's Motion To Reclassify Case Shall Be Denied As Moot Because The Nature Of Suit Code Used In Setting Up The Docket For This Case Has No Impact On Her Claims, As It Is Used For Statistical Purposes.**

First, Gong has filed a "Motion to Seek Re-Classification for the Nature of Suit" (D.E. No. 36), wherein she states that she questioned someone at the Clerk's office why this action is classified as "other statutory actions" and states that she was told "they classified her case as 'Other Statutory Actions' as general because of missing form this case." (*Id.* at 2).  Gong states that she "does not know anything about 'Other Statutory Actions'" and that she "strongly believes that she has filed a civil right suit." (*Id.*).

The University of Michigan filed a response to that motion stating that it "takes no position on this motion." (D.E. No. 54).

Local Rule 1.3 of the Local Rules for the Eastern District of Michigan provides that a

civil case cover sheet is to be filed or completed when a new civil case is filed. The rule provides that the person filing the action typically completes that form, but that the clerk may enlist the cooperation of a *pro se* party in completing that form.

In practical terms, the civil case cover is used by the clerk's office for the purpose of initiating the civil docket sheet for each new case. As the form states at the top, nothing contained in the civil case cover sheet replaces or supplements the filing and service of pleadings or other papers.

It does not appear that Gong completed or filed a civil case cover sheet. But the clerk's office apparently classified the nature of this case, in the section of the form that contains Nature of Suit Codes, as "890 Other Statutory Actions." Because Gong's original complaint included Title VII and ADA claims based upon her employment with the University, it could have been marked as "442 Employment" or "445 Amer. w/Disabilities Employment." But, perhaps because the form instructs to check one box only, the person who initiated the docket for this case checked a more "catchall" category of "Other statutory actions."

Gong appears to believe that the Nature of Suit Code Description somehow impacts her complaint or her claims against the University in this case, but that is simply not the case. It is for recording keeping/statistical purposes for the Court. Simply stated, the Nature of Suit Code used in setting up the docket for this case does not impact Plaintiff's claims in this action, which are contained in her complaint. As such, the Court shall deny this motion as moot.

## II. The Court Shall Deny Gong's Motion To Amend As Futile.

On May 17, 2018, Gong filed a motion seeking to amend her complaint, which she apparently filed twice on that same day. (D.E. Nos. 48 & 49).

Local Rule 15.1 of the Local Rules for the Eastern District of Michigan provide that a "party who moves to amend a pleading shall attach the proposed amended pleading to the motion."

Contrary to that local rule, Gong did not attach a copy of her proposed amended complaint. But as the Court reads her motion, Gong simply wants to change the title of Count 1 to include a First Amendment retaliation claim.

Rule 15 of the Federal Rules of Civil Procedure governs the filing of amended complaints and provides that, at this stage of the litigation, Plaintiff may amend her complaint only with the opposing party's written consent or this Court's leave. FED. R. CIV. P. 15(a). Because Gong's motion is opposed by the University, she must obtain leave of this Court in order to amend her complaint to add that claim.

The decision as to whether justice requires the amendment is committed to the district court's sound discretion. *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330 (1971). Abuse of that discretion occurs when a district court fails to state the basis for its denial or fails to consider the competing interests of the parties and likelihood of prejudice to the opponent. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Reasons that warrant denying a motion for leave to amend include "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of

the amendment, [and] futility of the amendment." *Id.* at 182.

Here, the University contends that leave to amend in order to add a First Amendment retaliation claim should be denied as futile because: 1) that claim is barred by Eleventh Amendment immunity; and 2) even if that were not the case, it would be barred by the statute of limitations.

The Court need not proceed past the first ground, because the proposed First Amendment retaliation, which would be brought under § 1983, is barred by Eleventh Amendment immunity and is therefore futile.

As explained by the Sixth Circuit in *Thomas v. Noder-Love*, 621 F. App'x 825, 827-28 (6th Cir. 2015), the University of Michigan is "properly referred to as 'the Board of Regents of the University of Michigan." And it is "well-settled that the Eleventh Amendment forbids a citizen from bringing suit for monetary damages in federal court against a state, state agent, or state instrumentality without that state's consent." *Id*. (citations omitted). "It is also well-settled that such sovereign immunity applies to claims under § 1983." *Id.* at 831. The Sixth Circuit has "previously determined that the Board of Regents of the University of Michigan is a state entity protected by Eleventh Amendment sovereign immunity." *Id*. at 831 (citing *Estate of Ritter by Ritter v. Univ. of Michigan,* 851 F.2d 846, 851 (6th Cir. 1988).

Accordingly, the University is immune to a First Amendment retaliation claim by Gong and it would therefore be futile to allow her to add such a claim.

### III.    Gong's Motion To Extend Date For Filing Witness Lists

On June 8, 2018, Gong filed a "Motion To Requste [sic] Extention [sic] Of Deadline Of All Witness Who May Testify At Trial." (D.E. No. 51). In this motion, Gong asks the Court to

extend the deadline for filing witness until July 20, 2018, because she has "not found any expert witness who are not UM employees or have no interest with dependents," and "needs more time to find an expert witness who can testify" at trial. (*Id*.).

In response to this motion, the University asks the Court to deny Gong's requested extension, stating:

> Plaintiff has been involved in litigation with the University of Michigan since 2012. Plaintiff and the University settled all claims on the record before this Honorable court on July 8, 2013. The continued litigation is abusive and contrary to the settlement reached between the parties. Plaintiff has had since 2012 to develop appropriate witnesses.

(D.E. No. 53).

Meanwhile, on June 20, 2018, Gong filed a witness list (D.E. No. 56) that identifies two individuals as "experts in genetics." Gong also lists, in that same submission, "Medical expert" is "Current not variable [sic]."

But on July 6, 2018, Gong filed a second witness list, wherein she named six different expert witnesses, including medical experts.

As such, the Court shall deny this motion as moot.

## CONCLUSION & ORDER

For the reasons set forth above, **IT IS ORDERED** that the following motions filed by Plaintiff are **DENIED:** 1) Plaintiff's Motion to Re-Classify; 2) Plaintiff's Motions to Amend filed on May 17, 2018; and 3) Plaintiff's Motion to Extend Deadline for Filing Witness list.

**IT IS SO ORDERED.**

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: July 17, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on

7

July 17, 2018, by electronic and/or ordinary mail.

                          s/Jennifer McCoy
                          Case Manager