UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Yusong Gong,

    Plaintiff,

v.                                                       Civil Action No. 16-14516

The University of Michigan, *et al.*,        Sean F. Cox
                                                            United States District Court Judge

    Defendants.
_____/

## ORDER
## DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

Acting *pro se*, Plaintiff Yusong Gong ("Gong") filed this action on December 28, 2016. In an Opinion & Order issued on December 14, 2018, this Court granted Defendant's Motion for Summary Judgment and dismissed Plaintiff's claims with prejudice. (ECF No. 82). Thereafter, on December 27, 2018, Gong filed a Motion for Reconsideration. (ECF No. 84).

Unless the Court orders otherwise, no response to a motion for reconsideration is permitted and no hearing is held. Eastern District of Michigan Local Rule 7.1(h)(3). This Court concludes that, with respect to Gong's Motion for Reconsideration, neither a response brief nor a hearing is necessary.

Motions for reconsideration are governed by Local Rule 7.1 of the Local Rules of the Eastern District of Michigan, which provides:

> (3) Grounds. Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have

1

been misled but also show that correcting the defect will result in a different disposition of the case.

*See* Eastern District of Michigan Local Rule 7.1(h)(3). A motion for reconsideration does not afford a movant an opportunity to present the same issues that have been already ruled on by the court, either expressly or by reasonable implication.

As explained by the United States Court of Appeals for the Sixth Circuit, "[i]t is well-settled that 'parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued.'" *Bank of Ann Arbor v. Everest Nat. Ins. Co.,* 562 F. App'x 473, 476 (6th Cir. 2014) (quoting *Roger Miller Music, Inc. v. Sony/ATV Publ'g*, 477 F.3d 383, 395 (6th Cir. 2007)). "Additionally, reconsideration motions cannot be used as an opportunity to re-argue a case. Furthermore, a party may not introduce evidence for the first time in a motion for reconsideration where the evidence could have been presented earlier." *Id.*

Here, Gong's motion improperly does all of the above – including submitting some 177 pages of documents to the Court for the first time.[1]

Again, in order to grant a motion for reconsideration, the movant must demonstrate a palpable defect by which the court has been misled and must also show that correcting the defect will result in a different disposition of the case. After reviewing Plaintiff's Motion for Reconsideration, this Court concludes that Plaintiff has not met that standard.

---

[1]The Court notes that along with her Motion for Reconsideration Gong filed an "Exhibit 41," which contains a February 12, 2013 EEOC Charge that Plaintiff filed complaining that her April 18, 2012 termination was in violation of the ADA. It also contains an April 10, 2013 "Right to Sue Letter" that was issued as to that charge. Plaintiff, however, did not file this action until 2016. As such, the Court still concludes that her ADA claims in this action were properly dismissed.

Accordingly, **IT IS ORDERED** that Plaintiff's Motion for Reconsideration is **DENIED.**

**IT IS SO ORDERED.**


Dated:  February 4, 2019         s/Sean F. Cox
                                 Sean F. Cox
                                 U. S. District Judge


I hereby certify that on February 4, 2019, the foregoing document was served on counsel of record via electronic means and upon Yusong Gong via First Class mail at the address below:

**Yusong Gong**
4937 N. Ridgeside Circle
Ann Arbor, MI 48105

                                 s/J. McCoy
                                 Case Manager